IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| CONNIE A. BECKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 04-1417 |
| | ) | |
| VERIZON NORTH, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Defendant Verizon North, Inc.'s ("Verizon") Motion for Summary Judgment. For the reasons that follow, Verizon's Motion [#18] is GRANTED.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the claims asserted in the Complaint present federal questions under Title VII, 42 U.S.C. §2000e, et seq., and the Americans with Disabilities Act of 1991 ("ADA"), 42 U.S.C. § 12101 *et seq*.

Connie Becker ("Becker"), age 57, began working with Verizon as a repair clerk in 1987. She was promoted to the position of lead dispatcher in 1999. In her Complaint, Becker alleges that she was subjected to virtually constant harassment for a period of three years prior to her termination from Verizon on June 18, 2003. Becker asserts that she was a good loyal and dedicated employee; however, she ran into problems with her supervisors when they asked her to perform tasks that were against Verizon's policies. When Becker refused, she was harassed by various Verizon personnel. Additionally, Becker claims that she often did not know who her supervisor was and that she was repeatedly critiqued and ridiculed by a fellow employee named Gloria Williams ("Williams"). Specifically, Becker asserts that Williams called her a "black bitch" despite the fact that Becker is not African American and

that she called Becker a "red headed bitch." Becker reported the "red headed bitch" comment to Verizon management but claims that Verizon did nothing about the incident or the other harassment that she suffered at the hands of Williams.

Becker also alleges that she suffers from a disability and that Verizon refused to make reasonable accommodations for her in the workplace. Specifically, Becker suffers from diabetes and needed additional work breaks to take insulin. Becker also alleges that she suffers from a variety of other disorders including arthritis, fibromyalgia, glaucoma, some hearing loss, depression, anxiety attacks, hypertension, stress, and trigger fingers. Becker claims that these conditions have all developed during the time that she worked at Verizon because of the stress associated with her position.

Becker filed a claim with the Equal Employment Opportunity Commission ("EEOC") claiming that Verizon discriminated against her based on her age and her race. Becker also asserted that Verizon violated the American with Disabilities Act when it failed to provide her with reasonable accommodations for her disability. The EEOC sent Becker a right to sue letter on September 10, 2004, and Becker filed the instant cause of action on December 8, 2004.

Verizon answered the Complaint and has now filed the instant Motion for Summary Judgment. In its motion, Verizon argues that Becker's claims are judicially estopped, that her discrimination claims are untimely, and all of her claims lack merit. Becker filed an affidavit and various documents in response to Verizon's motion, which the Court construed as her response to the motion, and Verizon filed a reply. In its reply, Verizon relies on a Seventh Circuit case that was decided between the time that the Motion for Summary Judgment was filed and the Reply brief was submitted as support for its argument that Becker does not have

standing to bring the instant action. *See Biesek v. Soo Line Railroad Company,* 440 F.3d 410 (7th Cir. 2006).

In *Biesek,* the Seventh Circuit affirmed the District Court's ruling granting summary judgment in favor of the employer and against the plaintiff. *Id.* at 414. Although the lower court based its decision on a judicial estoppel theory, the Seventh Circuit found that the proper reason for granting summary judgment was because the plaintiff no longer had standing to bring his claim. *Id.* at 413. The plaintiff in *Biesek* brought a claim against his employer for a violation of the Federal Employers' Liability Act. *Id.* at 411. After refusing an offer of settlement from the employer, the plaintiff filed for bankruptcy. *Id.* In his bankruptcy petition, the plaintiff failed to disclose his pending claim against the employer. *Id.* After receiving a discharge from liability on his remaining debts, the plaintiff filed a FELA action in the district court to enforce the employer's previous offer of settlement. *Id.* The district court invoked the doctrine of judicial estoppel, finding that the plaintiff should not benefit from his fraud on his creditors, and granted summary judgment in favor of the defendants. *Id.* at 412. In reviewing the case, the Seventh Circuit found that the plaintiff's pre-bankruptcy claim was part of the plaintiff's estate and therefore the claim belonged to the Trustee, for the possible benefit of Biesek's creditors. *Id.* at 413. The court further acknowledged that the Trustee could have abandoned the claim allowing the plaintiff to prosecute the claim on his own behalf and at that point, it would be necessary to determine if the plaintiff's claim was barred by judicial estoppel. *Id.*

The facts of the instant case are very similar to the *Biesek* case. In the instant case, Becker filed a claim of discrimination in December 2004. In March of 2005, while her discrimination case was pending, Becker filed for Chapter 13 bankruptcy in the Central

3

District of Illinois.  At that time, Becker signed and filed a Statement of Financial Affairs in her bankruptcy case.  In the Statement, Becker failed to mention her discrimination lawsuit despite the fact that the form states "[l]ist all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case."[1]  On June 23, 2005, the Bankruptcy Court issued an Order confirming Becker's Chapter 13 plan and issuing a schedule of payments.  As a result of her failure to disclose this lawsuit to the Bankruptcy Court, Verizon argues that Becker does not have standing to bring this claim because any potential claim actually belongs to the Trustee who was appointed to her bankruptcy.  The Court agrees that, unless the Trustee has abandoned Becker's claim, she does not have standing to bring this action and Verizon is entitled to summary judgment in this action.

Even if the Trustee abandoned Becker's claim, potentially allowing Becker to bring the claim on her own behalf, Becker's claim would be barred by judicial estoppel.  Although the Seventh Circuit has yet to decide whether judicial estoppel applies in a case such as this, "[p]lenty of authority supports the district judge's conclusion that a debtor in bankruptcy who received a discharge (and thus a personal financial benefit) by representing that he has no valuable choses in action cannot turn around after a bankruptcy ends and recover on a supposedly nonexistent claim."  *Biesek,* 440 F.3d at 412 (internal citations omitted).  Accordingly, even if the Trustee had abandoned Becker's claim, her claim would have been barred by judicial estoppel because Becker failed to disclose her lawsuit in the bankruptcy proceeding.  Becker's failure to disclose her discrimination claim harmed her creditors by

---

[1] Although Becker failed to list her discrimination claim, she apparently understood what the form was asking because she listed a foreclosure proceeding to which she was a party.  Additionally, Becker was represented by counsel in her bankruptcy.

4

hiding a potential asset from them and therefore judicial estoppel bars her from coming forward to collect on that asset now that her bankruptcy case is concluded.

For the reasons set forth above, Verizon's Motion for Summary Judgment [#18] is GRANTED and this case is terminated.

ENTERED this 20th day of June, 2006.

> s/Michael M. Mihm
> Michael M. Mihm
> United States District Judge

5